UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GLENN FREEDMAN, et al.,

               Plaintiffs,

         -against-

WEATHERFORD INTERNATIONAL LTD., et al.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12 Civ. 2121 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 7/10/12

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      This is a securities class action. It now is before the Court on various motions for appointment as lead plaintiff(s) and approval of lead counsel.

      As is well known, the Private Securities Law Reform Act establishes a rebuttable presumption that the plaintiff with the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 should be the lead plaintiff. In this case, the plaintiff with the largest financial interest is Dr. Faisal Siddiqui. Plaintiffs Sacramento City Employees' Retirement System and Anchorage Police & Fire Retirement System (collectively, "Sacramento-Anchorage"), who moved together for lead plaintiff status, follow with an aggregate claimed loss of 70 percent of that claimed by Dr. Siddiqui. None of the other movants comes close, and their motions plainly lack merit.

      Initially, Dr. Siddiqui and Sacramento-Anchorage filed competing motions, each of which remains pending. In a pattern frequently observed in such cases, however, they have joined forces and now have filed a memorandum arguing that the Court should designate Dr. Siddiqui and Sacramento-Anchorage as co-lead plaintiffs and approve all of their lawyers as co-lead counsel.

      It almost always is splendid when litigants can work things out. In situations like this, however, the Court serves a fiduciary or quasi-fiduciary role in looking out for the interests of absent class members. And this Court does not believe that the proposed arrangement is in their interests.

      The claimed losses of Sacramento-Anchorage are somewhat smaller than those of

Dr. Siddiqui, but not materially so.[1] Both are public pension funds and sophisticated institutional investors whereas there is no suggestion that Dr. Siddiqui has comparable expertise in business and investment matters. But much more important, Sacramento-Anchorage has chosen a large, well known, and able law firm that long has specialized in this sort of litigation. Dr. Siddiqui, on the other hand, has chosen a five-person law firm, the resume of which indicates that it has offices in Nassau County, New York, Beverly Hills, Bala Cynwyd and Cherry Hill, New Jersey (which suggests that it perhaps is spread rather thinly) and discloses only very limited experience in securities class action litigation.

As noted, the presumption that the plaintiff with the largest financial interest in the relief sought is the most adequate is rebuttable by proof that that plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Court has no reason to question Dr. Siddiqui's *bona fides* or interest in the recovery. Nevertheless, given the plethora of extremely experienced, well funded, and well staffed law firms engaged in plaintiff's class action securities work, the fact that he has chosen such a small firm with such limited experience in the field suggests strongly that he would not represent the class adequately. Sure he would not do so as well as Sacramento-Anchorage, which made a far better choice. And there is no persuasive argument for the joint arrangement proposed, to which Sacramento-Anchorage doubtless agreed for fear that the Court would consider itself bound by Dr. Siddiqui's $165,000 larger loss to select Dr. Siddiqui and his counsel in preference to their chosen counsel. The Court sees very little that Dr. Siddiqui or his counsel would bring to the party, and approving his choice of counsel as co-lead counsel quite likely would lead to needless duplication of effort, the cost of which would be borne by the absent class members in the event there were a recovery in this case.

Accordingly, the original and still-pending motion of Sacramento-Anchorage to designate them as co-lead plaintiffs and to approve their choice of Labaton Sucharow LLP as lead counsel [DI 11] is granted. The motions of the other candidates [DI 4, 8, 15, and 18] and the joint motion of Sacramento-Anchorage and Dr. Siddiqui, which in substance is made only via a memorandum of law [DI 26], all are denied.

SO ORDERED.

Dated:       July 10, 2012

_____
Lewis A. Kaplan
United States District Judge

---

[1] The difference is approximately $165,000.