```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
GLENN FREEDMAN, Individually and     : 12 Civ. 2121 (LAK) (JCF)
On Behalf of All Others Similarly    :
Situated,                            :          MEMORANDUM
                                     :          AND  ORDER
                Plaintiff,           :
                                     :
     - against -                     :
                                     :
WEATHERFORD INTERNATIONAL LTD.,      :
BERNARD J. DUROC-DANNER, and ANDREW  :
P. BECNEL,                           :
                                     :
                Defendants.          :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

In three previously-filed motions to compel, the plaintiffs in this putative class action alleging securities fraud sought production of (1) "certain reports comparing the electronic search results from discovery in this action to the results from prior searches"; (2) "documents concerning an investigation undertaken by [the] Audit Committee" of defendant Weatherford International Ltd. (collectively with other defendants, "Weatherford"); and (3) "documents concerning an investigation undertaken by the law firm Latham & Watkins LLP" ("Latham"). Freedman v. Weatherford International Ltd., No. 12 Civ. 2121, 2014 WL 3767034, at *1 (S.D.N.Y. July 25, 2014) ("July 25 Order"). I denied all three motions. Id. at *7. The plaintiffs filed a motion for reconsideration of my rulings regarding the Latham documents and the search reports. I denied reconsideration on the first issue but granted reconsideration and asked for further briefing on the second, based on the plaintiffs' presentation of "new evidence,

1

unavailable at the time [they] filed their [earlier] motion, which allegedly reveals deficiencies in [Weatherford's] current production." (Order dated Aug. 14, 2014, at 1, 3-4). Having reviewed this new information and argument, I adhere to my former determination.

Background

As noted in the July 25 Order, a fuller factual background of this action, which alleges that Weatherford issued false earnings statements for the years 2007-2010, can be found in two prior decisions, Freedman v. Weatherford International Ltd., No. 12 Civ. 2121, 2013 WL 5299137 (S.D.N.Y. Sept. 20, 2013), and Dobina v. Weatherford International, Ltd., 909 F. Supp. 2d 228 (S.D.N.Y. 2012). Freedman, 2014 WL 3767034, at *1. What is relevant here is that, in response to an employee's accusation of improper practices occurring in the company's tax department, Weatherford engaged Latham to conduct an investigation (the "Latham Investigation"). Id. Several months after that investigation concluded, Weatherford announced it would, for the third time, issue a restatement correcting errors in its earnings statements. Id. This led to a second investigation, headed by Davis Polk & Wardwell, LLP (the "Audit Committee Investigation"). Id. at *2.

One of the plaintiffs' prior motions to compel sought, among other things, "reports that would allow a comparison of the documents produced in this case with the documents searched [in] the Audit Committee [Investigation] and [the] Latham [Investigation]." (Motion to Compel Defendants to Produce the

2

Results of Electronic Document Searches ("Pl. E-Discovery Memo.") at 2). Although I recognized that such "discovery on discovery" is sometimes warranted, I nevertheless denied the request because the plaintiffs had not "proffered an adequate factual basis for their belief that the current production is deficient."[1] Freedman, 2014 WL 3767034, at *3. The plaintiffs now seek to remedy that failure by submitting certain documents from Weatherford custodians that were produced by third parties -- and not by Weatherford -- after briefing on the original motion to compel was completed. (Pl. Reconsideration Memo. at 19-20).

Discussion

A motion for reconsideration is governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern

---

[1] In support of their motion for reconsideration, the plaintiffs assert that, in the July 25 Order, I denied their request for search reports regarding the Latham and Audit Committee Investigations for two additional reasons: that the searches would impose a significant burden and that "the investigations did not concern the same 'class period' or 'misstatements' as this case." (Memorandum of Law in Support of Lead Plaintiffs' Motion for Reconsideration of the July 25, 2014 Order of Magistrate Judge Francis with Respect to Lead Plaintiffs' Motions to Compel ("Pl. Reconsideration Memo.") at 4). This, they assert, indicates that I misunderstood both the defendants' opposition to the motion and the record in this case. (Pl. Reconsideration Memo. at 4). While I did mention the defendants' claimed burden in producing a sample report, I did not rely on that burden in denying the motion. And, although the July 25 Order states that the class period and misstatements at issue here are different than those at issue in the Latham and Audit Committee Investigations, whereas the plaintiffs argued only that the class period and misstatements at issue here differ from those at issue in the related case, Dobina v. Weatherford International Ltd., No. 11 Civ. 1646 (S.D.N.Y. March 9, 2011) (Pl. E-Discovery Memo. at 2), it is clear that the basis on which I denied the motion was the plaintiffs' failure to show that the production at issue was deficient. More importantly, any misperceptions in the July 25 Order are irrelevant to my resolution of this motion.

and Eastern Districts of New York and is committed to the sound discretion of the court.  Idowu v. Middleton, No. 12 Civ. 1238, 2013 WL 371657, at *1 (S.D.N.Y. Jan. 31, 2013).  "'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  Generally, "[r]econsideration requires 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Capitol Records, Inc. v. MP3tunes, LLC, No. 07 Civ. 9931, 2013 WL 1987225, at *1 (S.D.N.Y. May 14, 2013) (quoting Virgin Atlantic Airways Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992)).  "A party seeking reconsideration may neither repeat arguments already briefed, considered and decided, nor advance new facts, issues or arguments not previously presented to the Court."  Ferring B.V. v. Allergan, Inc., No. 12 Civ. 2650, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (internal quotation marks omitted).  Reconsideration remains "an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources."  Hinds County, Mississippi v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (internal quotation marks omitted).

The new evidence referenced by the plaintiffs consists of 18 e-mails from "critical custodians at Weatherford" that were produced (after briefing on the original motion to compel was complete) not by the defendants, but by third-party KPMG, which worked with Weatherford on its remediation efforts. (Pl. Reconsideration Memo. at 19-20). This, the plaintiffs contend, shows that Weatherford's production is "significantly deficient." (Pl. Reconsideration Memo. at 17).

Rule 26 of the Federal Rules of Civil Procedure allows discovery of "nonprivileged matter" as long as it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In certain circumstances where a party makes some showing that a producing party's production has been incomplete, a court may order discovery designed to test the sufficiency of that party's discovery efforts in order to capture additional relevant material. Cf. Orillaneda v. French Culinary Institute, No. 07 Civ. 3206, 2011 WL 4375365, at *6-7 (S.D.N.Y. Sept. 19, 2011) (granting protective order prohibiting discovery on discovery where requesting party did not identify "specific reasons for believing that . . . production [was] deficient"). However, requests for such "meta-discovery" should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum. See Hubbard v. Potter, 247 F.R.D. 27, 29 (D.D.C. 2008) ("Speculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery

5

would never end.").

Here, the plaintiffs contend that KPMG's production of the aforementioned 18 e-mails shows that Weatherford's production is faulty and that providing them with a "report of the documents 'hit'" by search terms used in connection with the Latham and Audit Committee Investigations will identify additional relevant documents that have not been produced here.  (Lead Plaintiffs' Reply in Further Support of Their Motion for Reconsideration of Their Motion to Compel Defendants to Produce the Results of Electronic Searches ("Reply") at 1-2).  The plaintiffs do not, then, seek to probe the specifics of Weatherford's discovery efforts, but rather to "identify the documents missing from [Wetherford's] production."  (Reply at 2).

But the suggested remedy is not suited to the task.  The plaintiffs admit that of those 18 e-mails only three, at most, would have been identified by a search using the terms from the investigations.  (Reply at 1-2, 8 & n.4).  In addition to the 18 e-mails, the plaintiffs point to "numerous other relevant documents that have been produced by [t]hird [p]arties that have not been produced by [d]efendants" (Pl. Reconsideration Memo. at 20), some of which were identified in a June 20, 2014 letter to counsel for Weatherford (Letter of Wilson Meeks, III, dated June 20, 2014, attached as Exh. 4 to Pl. Reconsideration Memo.).  However, the plaintiffs do not appear to contend that a significant number of these documents would have been identified by the contemplated searches.  Rather, they seem to argue only that these documents are

6

relevant and should have been produced by Weatherford, without addressing the defendants' assertion that the requested searches would have identified only one unproduced document. (Reply at 9; Defendants' Opposition to Lead Plaintiffs' Motion for Reconsideration of Magistrate Judge Francis's July 25, 2014 Order Denying Motion to Compel ("Def. Memo.") at 4).

"[T]he Federal Rules of Civil Procedure do not require perfection." Moore v. Publicis Groupe, 287 F.R.D. 182, 191 (S.D.N.Y. 2012). Weatherford has reviewed "millions of documents [] and [produced] hundreds of thousands," comprising "nearly 4.4 million pages," in this case. (Def. Memo. at 7, 8 n.8). It is unsurprising that some relevant documents may have fallen through the cracks. But, most importantly, the plaintiffs' proposed exercise is unlikely to remedy the alleged discovery defects. In light of its dubious value, I will not require Weatherford to provide the requested report.

Conclusion

For the foregoing reasons, I adhere to my determination in the July 25 Order. See Freedman, 2014 WL 3767034, at *3. The Clerk of Court is respectfully directed to terminate the plaintiffs' motion for reconsideration (Docket no. 86).

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

7

Dated: New York, New York
       September 12, 2014


Copies mailed this date:

Joel H. Bernstein, Esq.
Ira A. Schochet, Esq.
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

Javier Bleichmar, Esq.
Joseph A. Fonti, Esq.
Wilson M. Meeks, III, Esq.
Bleichmar, Fonti, Tountas & Auld LLP
1501 Broadway
New York, NY 10036

Kevin H. Metz, Esq.
Marissa R. Boynton, Esq.
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004

Peter A. Wald, Esq.
Latham & Watkins, LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111