UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| GLENN FREEDMAN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No.: 12-CV-02121-LAK-JCF |
| Plaintiff, | |
| v. | |
| WEATHERFORD INTERNATIONAL LTD., et al., | |
| Defendants. | |

### ~~PROPOSED~~ ORDER APPROVING NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

WHEREAS, by an Order dated September 29, 2014, the Court certified the above-captioned action (the "Action") to proceed as a class action on behalf of a class consisting of all all persons and entities that purchased or acquired Weatherford International Ltd. ("Weatherford") common stock in the United States between March 2, 2011 and July 24, 2012, inclusive (the "Class Period"), and who were damaged thereby (the "Class").[1]

Upon consideration of Class Representative Anchorage Police & Fire Retirement System and Sacramento City Employees' Retirement System (the "Class Representatives") Unopposed Motion for Approval of Form and Content of Notice and Method for Providing Notice to the

---

[1] Excluded from the Class are: (a) Defendants; (b) members of the immediate family of any Defendant; (c) any person who was an officer or director of Weatherford during the Class Period; (d) any firm, trust, corporation, officer, or other entity in which any Defendant has or had a controlling interest; (e) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (f) the Company's employee retirement and benefit plan(s) and (g) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class is any person or entity that timely and validly seeks exclusion.

Class (the "Motion"), the Court finds that good cause exists for granting the Motion and further finds and orders as follows:

1. The Motion is GRANTED and the Court approves the form, substance and requirements of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices"), attached hereto as Exhibits 1 and 2, respectively.

2. The proposed form and content of the Notice meet the requirements of Rule 23(c)(2)(B) as it clearly and concisely states in plain and easily understood language all of the following: (a) the nature of the action; (b) the definition of the class certified; (c) the class claims, issue or defenses; (d) a class member's right to enter an appearance through an attorney if the member so desires; (e) a class member's right to be excluded from the class; (f) the time and manner for requesting exclusion; (g) and the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c)(3). The Notice, the Summary Notice, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. The Court approves the retention of The Garden City Group, LLC as the Administrator.

4. Weatherford shall use reasonable efforts to, within five (5) business days after entry of this Order and at no cost to the Class, have its transfer agent provide or cause to be provided to the Administrator shareholder records (consisting of the shareholder names and addresses to the extent they exist) in electronic form, such as excel, identifying all persons or

entities who purchased and/or held Weatherford common stock during the period between March 2, 2011 through and including July 24, 2012. Class Counsel shall be responsible for all other costs associated with sending the Notice and Summary Notice.

5. The Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first-class mail, postage prepaid, not later than ten (10) business days from entry of this Order ("Notice Date"), to Class Members at the addresses set forth in the records provided by Weatherford pursuant to paragraph 4 above or who may otherwise be identified with reasonable effort. The Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have, for the beneficial interest of any person or entity other than itself or themselves, purchased or acquired Weatherford common stock between March 2, 2011 through and including July 24, 2012. Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices from the Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator and the Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually

incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

6. Contemporaneously with the mailing of the Notice, the Administrator shall cause a copy of the Notice to be posted on the website designated for this lawsuit, from which Class Members may download copies of the Notice.

7. The Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the mailing of the Notice.

8. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall mail the request in written form by first class mail, postmarked no later than sixty (60) calendar days after the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member "requests exclusion from the Class in *Freedman v. Weatherford International, Ltd., et al.*, Civil Action No. 12-cv-2121" and must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Weatherford common stock the person or entity purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition and/or sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

9.  Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than sixty (60) calendar days after the Notice Date.

10. Within fifteen (15) business days following the expiration of the exclusion deadline, Class Counsel shall file with the Court proof of mailing of the Notice, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class.

11. This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

IT IS SO ORDERED.

ENTERED this **20** day of **April** 2015

_____
Lewis A. Kaplan
United States District Judge