JONES DAY

Hon. James C. Francis IV
April 28, 2015
Page 5


Ex. A, at 8-9 (emphases added).

      Instead of being prepared to answer questions on these topics that were posed during the first hour of the Defendant's examination, the witness repeatedly admitted that he was not prepared or did not have knowledge about them:

-            REDACTED

-            REDACTED

-            REDACTED
           REDACTED
-            

-            REDACTED


When asked who would have greater knowledge about the issues covered in the first hour of the Defendant's examination, the witness identified     REDACTED    , but stated that he did not know who else was involved or who else had signed off on certain work papers. Ex. B, at 360-61.

---

[3] The witness stated:            REDACTED

[4] The witness responded:            REDACTED

[5] The witness stated:            REDACTED

[6] The witness stated:            REDACTED

[7] The witness            REDACTED

JONES DAY

Hon. James C. Francis IV
April 28, 2015
Page 6

    After a short break taken at the request of the witness, the following exchange occurred
when the parties went back on the record at 5:42 p.m.:

                                        REDACTED

Ex. B, at 362.  Thus, after nearly seven hours of questions by the Plaintiffs and only one hour of
questions by the Defendant that the witness was unprepared to answer, counsel for E&Y
unilaterally decided to limit the Defendant's cross-examination of Weatherford's outside auditor
to *fourteen minutes*.  After those fourteen minutes expired, Mr. Parzen stated
            REDACTED              Ex. B, at 378.  After a few additional questions, the
undersigned stated:                      REDACTED

                                                                                Mr.
Parzen's response was                     REDACTED                            . The
undersigned then noted:                  REDACTED


**D.    The** REDACTED **Deposition**

                                                                              REDACTED
    On April 6, Plaintiffs served a subpoena to depose former E&Y tax partner
on May 6.  Ex. C: Notice of Deposition of  REDACTED  .  The deposition date, whic
days after the discovery cut-off in this action, was selected for the  convenience of the witness.
While the undersigned agreed to the deposition on that date, he was never sent a copy of the
deposition notice and did not waive his right to cross-examine the witness.  Plaintiffs now take
the position that the notice calls for only 3 ½ hours of deposition testimony and that they require
the entire 3 ½ hours for their examination.  E&Y's counsel has likewise taken the position that

**JONES DAY**

Hon. James C. Francis IV
April 28, 2015
Page 7

he will not allow additional time for cross-examination beyond the 3 ½ hours.  Accordingly, the Defendant served his cross-notice to examine  REDACTED  for 3 ½ hours at the conclusion of the Plaintiffs' direct examination.  Ex. D:  Cross-Notice of Deposition of  REDACTED  .
.

<u>Argument</u>

**A.     The Defendant Is Entitled to Additional Time to Depose E&Y's Corporate Representative** REDACTED

The Defendant seeks two hours of additional testimony from E&Y's corporate representative,  REDACTED  , because the Defendant was not provided a fair opportunity for cross-examination on April 17.  Since Plaintiffs deposed the witness for nearly seven hours compared to the one hour and fourteen minutes allowed the defense, the Defendant has good cause for additional time.

A deposition is ordinarily limited to one day of seven hours, but the Court "must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."  Fed. R. Civ. P 30(d)(1).  The refusal of an attorney to agree with other counsel on the fair apportionment of time to depose an opponent or a refusal to agree to a reasonable request for additional time to complete a deposition is sanctionable conduct.  *See* Fed. R. Civ. P. 30 advisory committee note (1993) ("The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct, *as may the refusal of an attorney to agree with other counsel on a fair apportionment of the time allowed for examination of a deponent or a refusal to agree to a reasonable request for some additional time to complete a deposition*, when that is permitted by the local rule or order.")(emphasis added).

This Court has held that an order allowing additional time for cross-examination is warranted in complex cases such as this one, particularly where an important witness is asked to testify about complex claims, a large number of documents, or events that occurred over a long period of time.  *See Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936 (GEL), 2008 WL 1752254, at *1-2 (S.D.N.Y. Apr. 16, 2008) (providing an additional four deposition hours where the witness was a significant executive of the company and was the custodian or recipient of over 600,000 pages of documents discovered by defendants, even if he could be examined about the "tiniest fraction" of those pages); *see also Saeed v. County of Nassau*, No. CV 09-3314 (DRH)(AKT), 2011 WL 6945755, at *2 (E.D.N.Y. May 23, 2011) (allowing an additional four deposition hours where the areas of inquiry involved extensive factual allegations and substantial document disclosures); Fed. R. Civ. P. 30(d)(1) advisory committee note (2000) ("If the examination will cover events occurring over a long period of time, that may justify allowing additional time.").