JONES DAY

Hon. James C. Francis IV
April 28, 2015
Page 8


As the representative of Weatherford's auditor for the entire relevant period of this case, REDACTED is an important witness.  E&Y produced REDACTED in this action, and REDACTED  Moreover, the subpoena called for REDACTED  These circumstances alone provide good cause to add two more hours to his deposition, but Plaintiffs' refusal to fairly apportion time for the examination is an additional factor.  REDACTED began at 8:33 a.m. and lasted until 6:05 p.m. Exhibit A at 2 and 383.  Plaintiffs' questioning lasted nearly seven hours, leaving only one hour and approximately fifteen minutes for the Defendant to cover the topics on the notice and to cross-examine the witness on issues covered by the Plaintiffs.  The Defendant was unilaterally denied a fair opportunity for cross-examination and should be granted two additional hours to complete his examination.  REDACTED


**B.     E&Y Must Designate a Knowledgeable or Prepared Corporate Representative.**

In addition to the relief requested above, the Defendant seeks one additional hour to depose a corporate representative of E&Y with sufficient knowledge to provide complete, knowledgeable, and binding answers on behalf of the organization to questions regarding Topics 1, 3, 4, 5 and 6 of the subpoena.

Under Federal Rule of Civil Procedure 30(b)(6), an organization named as a deponent must designate one or more officers, directors or managing agents, or another person to testify on its behalf.  The designated organizational representative must be able to provide "complete, knowledgeable and binding answers."  Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (quoting Reilly v. NatWest Mkts. Group Inc., 181 F.3d 253, 268 (2d Cir. 1999).  The representative does not need to have personal knowledge concerning the matters in the deposition notice, but the corporation has an obligation to prepare them to be able to give knowledgeable answers.  Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, No. 10 Civ. 1391 (LGS)(JCF), 2013 WL 1286078, at *2 (S.D.N.Y. March 28, 2013) (citing Meyer Corp. U.S. v. Alfay Designs, Inc., No. 10 CV 3647, 2012 WL 3536987, at *8 (E.D.N.Y. Aug. 13, 2012)).

Producing an unprepared witness is tantamount to a failure to appear.  Soroof, 2013 WL 1286078, at *2 (citing Rahman v. Smith & Wollensky Rest. Group, Inc., No. 06 Civ. 6198, 2009 WL 773344, at *1 (S.D.N.Y. March 18, 2009)).  Even if a 30(b)(6) notice does not specify a specific type of information, "[t]here is no question that Rule 30(b)(6) requires a party to designate witnesses who can provide all the relevant information known or reasonably available

JONES DAY

Hon. James C. Francis IV
April 28, 2015
Page 9

to the entity." *Soroof*, 2013 WL 1286078, at *3 (citing *In re Air Cargo Shipping*, No. 06-MD-1775, 2012 WL 1129852, at *1 (E.D.N.Y. Mar. 27, 2012).

E&Y—Weatherford's auditor whose work is central to this dispute— had a responsibility to designate a witness who could provide all the relevant information known or reasonably available to it. *Soroof*, 2013 WL 1286078, at *2. E&Y's representative was not prepared to testify regarding a number of topics that were specifically noticed prior to the deposition and that were material and relevant to this action. *See* Ex. A:  Schedule A to Subpoena for E&Y Deposition Testimony, at 8; testimony referenced in footnotes 2-6 of this letter brief.

Accordingly, the Defendant requests that this Court order Ernst & Young to designate another corporate representative who can testify for one hour with adequate knowledgeable about the numerous topics for which      REDACTED      was unprepared or adequately prepare      REDACTED      to answer questions for one additional hour.

**C.     The Defendant is Entitled to Adequate Time to Cross-Examine      REDACTED      .**

Plaintiffs have scheduled a deposition of former E&Y partner      REDACTED      on May 6, 2015, and the Defendant requests a Court order to ensure that he has a fair opportunity to cross-examine the witness.  For the reasons stated above with respect to the      REDACTED      , the Defendant is entitled to depose      REDACTED      , and Plaintiffs must fairly apportion part of the 3 ½ hour noticed deposition to him or allow the Defendant to cross-examine the witness for an equivalent time after the conclusion of the Plaintiffs' examination.  Given the contrary position taken by Plaintiffs and E&Y in discussions about the deposition, and with a desire not to burden the Court with additional disputes, the Defendant requests an order allowing him to depose      REDACTED      for up to three and one-half hours on May 6, 2015.  Out of an abundance of caution, the Defendant has served a cross-notice of his intention to depose the witness for this time.

For these reasons, the Defendant respectfully requests that the Court enter an order that compels Plaintiffs and E&Y to provide at least:  (1) two hours for the Defendant to complete his cross-examination of      REDACTED      E&Y's designated Rule 30(b)(6) witness, who was deposed on April 17, 2015; (2) one additional hour for the Defendant to cross-examine a designated representative of E&Y who knows or is adequately prepared to testify about information known or reasonably available to E&Y on topics 1, 3, 4, 5, and 6 in the previously served subpoena; and (3) three and one-half hours for the Defendant to cross-examine E&Y partner      REDACTED      whose deposition is scheduled for May 6, 2015.

JONES DAY

Hon. James C. Francis IV
April 28, 2015
Page 10

Respectfully submitted,

N. Scott Fletcher
Jones Day
Counsel for Defendant Bernard Duroc-Danner

cc:     All Counsel of Record
        Stanley J. Parzen [Mayer Brown]