# DOCKET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| FREEDMAN, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>WEATHERFORD INTERNATIONAL LTD., et al<br><br>Defendants, | Civil Action No.12-CV-02121<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 10/22/15 |

## OBJECTION OF JEFF M. BROWN TO PROPOSED SETTLEMENT

NOW COMES, Pro Se Objector JEFF M. BROWN, hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Jeff M. Brown has received notice that he is a member of the class as defined in that certain Notice of Class Action Settlement and Plan of Allocation dated August 11, 2015. He intends to file a claim in this matter on or before the claim deadline. His address and telephone number are listed at the conclusion of this objection.

## NOTICE REGARDING INTENT TO APPEAR

Objector hereby gives notice that he does not intend to appear at the Fairness Hearing presently scheduled for November 3, 2015, at Daniel Patrick Moynihan United States Courthouse, Courtroom 14-C, 500 Pearl Street, New York, NY 10007.

### I.

### Reason for Objecting to Settlement

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable and adequate:

1. Claims administration process fails to require reliable oversight, accountability, and reporting about whether the claims process actually delivers what was promised.
2. Timeframes and deadlines benefit Defendants and Class Counsel, but not Class Members; No timeframe for completing administration of the monetary relief is set, so Class Members cannot know when payment would arrive.
3. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing settlement.
4. The fee calculation is unfair in that the percentage of the settlement amount is far too high. (The claims process is cumbersome, unreasonable and designed to deprive Class Members of the relief which the Settlement Agreement purports to provide).
5. Fee request is not reasonable in the absence of documentation, including billing records, which can be evaluated by Class Members and the Court.
6. Attorneys' fees are disproportionate to the value of the Recovery of the Class.
7. The objector herein hereby adopts and joins in all other objections, if any, which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

### CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Dated: October 12,, 2015

By: /s/ Jeff M. Brown
Jeff M. Brown, Pro Se
750 South Dixie Highway
Boca Raton, FL 33432
Telephone: (561)395-0000
Facsimile: (561)395-9093

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2015, I caused to be filed, this Objection, via U.S. Mail delivery, the foregoing with the Clerk of the Court of the United States District Court for the Southern District of New York.

I certify that all participants listed in the Notice of Pendancy of Class Action dated May 20, 2015 for this were served via U. S Mail and electronically delivery to wit:

CLASS COUNSEL
Ira A. Schochet, Esquire
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

DEFENSE COUNSEL
Peter A. Wald, Esquire
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111

3