UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENN FREEDMAN, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEATHERFORD INTERNATIONAL, LTD., et al.,<br><br>Defendants. | Civil Action No. 12-CV-2121 (LAK) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
PLAN OF ALLOCATION AND MOTION FOR ATTORNEYS' FEES AND
<u>PAYMENT OF EXPENSES</u>**

**BLEICHMAR FONTI
TOUNTAS & AULD LLP**
Javier Bleichmar (JB-0435)
Joseph Fonti (JF-3201)
Wilson Meeks (WM-1066)
7 Times Square
New York, New York 10036
Telephone: 212-789-1340
Facsimile: 212-205-3960
jbleichmar@bftalaw.com
jfonti@bftalaw.com
wmeeks@bftalaw.com

*Class Counsel and Counsel for Court-
Appointed Co-Lead Plaintiff and Class
Representative Anchorage Police & Fire
Retirement System*

**LABATON SUCHAROW LLP**
Lawrence A. Sucharow (LS-1726)
Joel Bernstein (JB-0763)
Ira Schochet (IS-2187)
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477
lsucharow@labaton.com
jbernstein@labaton.com
ischochet@labaton.com

*Class Counsel and Counsel for Court-
Appointed Co-Lead Plaintiff and Class
Representative Sacramento City Employees'
Retirement System*

# TABLE OF CONTENTS

                                                                                                                             **Page**

Table of Authorities ................................................................................................................ ii

ARGUMENT .............................................................................................................................. 2

I.     REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND FEE AND EXPENSE REQUEST .................................................................................................................. 2

II.    THE BROWN OBJECTION SHOULD BE OVERRULED ............................................. 3

        A.     The Objection Should Be Viewed with Skepticism ................................................. 4

        B.     Brown Has No Standing to Object .......................................................................... 4

        C.     Brown's Grounds for Objecting to the Settlement Are Baseless ............................ 6

        D.     Brown's Grounds for Objecting to the Attorneys' Fee Request Are Meritless ...... 7

III.   ISSUES RAISED BY THE COURT AT THE *BONY* SETTLEMENT HEARING .......... 9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

                                                                                                                                                   Page(s)

**Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    916 F. Supp. 2d 454 (S.D.N.Y. 2013)......................................................................................6

*In re Bear Stearns Cos. Inc. Sec., Derivative, and ERISA Litig.*,
    909 F. Supp. 2d 259 (S.D.N.Y. 2012).................................................................................2, 3

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*,
    504 F.3d 229 (2d Cir. 2007)....................................................................................................6

*In re EVCI Career Colls. Holding Corp. Sec. Litig.*,
    No. 05 Civ. 10240 (CM), 2007 WL 2230177 (S.D.N.Y. July 27, 2007)..................................3

*In re Initial Pub. Offering Sec. Litig.*,
    728 F. Supp. 2d 289 (S.D.N.Y. 2010)......................................................................................4

*In re Pall Corp. Class Action Att'ys Fees Application.*,
    No. CV 07-3359, 2013 WL 1702227 (E.D.N.Y. Apr. 8, 2013)...............................................8

*Shapiro v. JP Morgan Chase & Co.*,
    Nos. 11 Civ. 8331, 11 Civ. 7961, 2014 WL 1224666 (S.D.N.Y. Mar. 24, 2014) ......................................................................................................................................9

*In re Telik, Inc. Sec. Litig.*,
    576 F. Supp. 2d 570 (S.D.N.Y. 2008)......................................................................................3

*In re UnitedHealth Grp Inc. PSLRA Litig.*,
    643 F. Supp. 2d 1107 (D. Minn. 2009)....................................................................................4

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005).......................................................................................................2

*In re WorldCom, Inc. Sec. Litig.*,
    No. 02-3288, 2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004)....................................................8

**Rules**

Fed. R. Civ. P. 45......................................................................................................................6

Class Representatives, Anchorage Police & Fire Retirement System ("Anchorage Police & Fire") and Sacramento City Employees' Retirement System ("SCERS"), and Class Counsel respectfully submit this reply memorandum of law in further support of (i) Class Representatives' motion for final approval of the proposed Settlement and proposed Plan of Allocation (ECF No. 198) and (ii) Class Counsel's motion for an award of attorneys' fees and payment of expenses, including the expenses of the Class Representatives (ECF No. 200).[1]

Class Representatives and Class Counsel are pleased to advise the Court of the resoundingly positive reaction of the Class to the proposed Settlement, Plan of Allocation, and the Fee and Expense Application, now that the October 13, 2015 deadline for objections and exclusions has passed. Although *one* invalid objection was filed with the Court, by an individual serial objector who lacks standing because he has not submitted any information showing that he actually is a Class Member, Class Counsel learned today that he is withdrawing his objection and there are no other objections.[2] (The objection is addressed below in the event his withdrawal is not in fact submitted to the Court.) No institutional investor or pension fund has objected to the Settlement, the Plan of Allocation, or the Fee and Expense Application.

Moreover, while more than 380,000 claim packets have been mailed to potential Class Members and the Summary Settlement Notice was published in *The Wall Street Journal* and disseminated over PR Newswire, only four requests for exclusion (all from individual investors) have been submitted, two of which are invalid. *See* Supplemental Mailing Affidavit of Jose Fraga ¶¶ 5-7 ("Supplemental Mailing Affidavit" or "Supp. Mailing Aff."), submitted herewith.

---

[1] All capitalized terms not defined herein have the same meanings set forth in the Stipulation and Agreement of Settlement, dated June 30, 2015 (the "Stipulation"), previously filed with the Court. ECF No. 191-1. All internal quotations and citations are omitted, unless otherwise noted.

[2] The objection is annexed as Exhibit 1 to the Reply Declaration of Joel H. Bernstein, dated October 27, 2015 ("Reply Declaration"), submitted herewith, and the withdrawal is Exhibit 13. All exhibits are annexed to the Reply Declaration, unless otherwise specified.

The valid requests represent just 1,700 shares of Weatherford common stock. *See* Mailing Affidavit of Jose Fraga, Ex. D, previously filed with the Court. ECF No. 202-4. Courts have held that such results are a testament to the fairness, adequacy, and reasonableness of the Settlement, the proposed Plan of Allocation, and Class Counsel's Fee and Expense Application.[3]

Additionally, with respect to the Fee and Expense Application, we also address certain issues raised by the Court at the recent settlement hearing in *In re Bank of New York Mellon Corp. Forex Transaction Litig.*, 11-cv-9175 (S.D.N.Y. Oct. 20, 2015). *See* Transcript, Ex. 2.

## ARGUMENT

**I. REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND FEE AND EXPENSE REQUEST**

The Second Circuit has stated that the reaction of a class to a settlement is a significant factor in assessing the fairness and adequacy of the settlement: "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our [] inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). As the Second Circuit reasoned in *Wal-Mart*, "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." 396 F.3d at 118; *see also In re Bear Stearns Cos. Inc. Sec., Derivative, and ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs strongly in favor of approval). Here, **only one** individual objected to certain administrative aspects of the Settlement, however the objection has been withdrawn (although not yet filed with the Court) and, as discussed below, his objection has no merit.

Similarly, the very small number of requests for exclusion and low number of shares

---

[3] As was previously reported to the Court, 10 Class Members sent valid requests for exclusion in connection with notice of the pendency of the Action that was mailed before the Settlement was reached. *See* ECF No. 195, Ex. E.

2

excluded (1,700) reflect the Class' approval of the Settlement and offer clear support for the Court's final approval thereof. *See*, *e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received). Here, out of 380,780 claim packets mailed to date, the Claims Administrator received four requests for exclusion from the Class. *See* Supp. Mailing Aff. ¶¶ 2-7. Two requests, representing the purchase of 1,700 shares, are valid. *Id*. Ex. A, ECF No. 202-4. The other two are invalid because the requesters did not purchase shares during the Class Period and they are not Class Members. To put these requests into context, toward the end of the Class Period, Weatherford had almost 764 million shares outstanding. *See* Weatherford Form 10-Q for the period ended June 30, 2012, available at www.sec.gov. Thus, the number of shares properly seeking exclusion represents only 0.00022% of outstanding shares.

In addition, there has not been a single objection to the proposed Plan of Allocation, providing firm support for its approval. *See In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and that, where no objections are received, "the Plan of Allocation should be approved…").

Finally, we received only one objection to the motion for attorneys' fees, which has now been withdrawn, but not to the request for litigation expenses or the Class Representatives' requests for reimbursement. "That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable." *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008).

## II.     THE BROWN OBJECTION SHOULD BE OVERRULED

The only objection was submitted by one individual, attorney Jeff Brown. Ex. 1; *see also* www.lavallebrown.com. Mr. Brown's objection, if it is not withdrawn, should be overruled.

### A. The Objection Should Be Viewed with Skepticism

Mr. Brown is a serial objector. In addition to the objection filed here, Mr. Brown has submitted objections in at least eight other class actions (including in *In re Weatherford Sec. Litig.*, No. 11-1646 (S.D.N.Y June 18, 2014) (LAK)) on his own behalf and one where he was counsel for the objector. *See* Ex. 3 (table of objections). Every one of his prior (known) objections has been overruled. *Id*. Very recently Judge Daniels, in *In re Celestica Inc. Sec. Litig.*, No. 07-CV-00312-GBD (S.D.N.Y. July 18, 2015) (ECF Nos. 266-267) and Judge Hoeveler in *Kardonick, et al. v. JP Morgan Chase & Co., et al.,* No. 10-23235 (S.D. Fla. Sept. 16, 2011) (ECF No. 384), overruled almost identical objections by Mr. Brown. *See* Exs. 4-5. In *Celestica*, Mr. Brown's failure to provide any evidence of his standing to object as a member of the class (*i.e.*, that he purchased shares during the class period), duplicated in the instant case, prompted the court to reject his objection on that ground, as well as on the basis of the "merits" of his objection. *See* Exs. 6-7. In all five of the cases where he appealed the rejection of his objection, his appeal was either never perfected or was voluntarily dismissed. *See* Ex. 3.

"Professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients." *In re Initial Pub. Offering Sec. Litig*., 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010). Indeed, the "goal" of many professional objectors is "to hijack as many dollars for themselves as they can wrestle from a negotiated settlement" by pursuing frivolous appeals that delay settlements from becoming final. *In re UnitedHealth Grp Inc. PSLRA Litig*., 643 F. Supp. 2d 1107, 1109 (D. Minn. 2009). Class Counsel respectfully submits that, under the circumstances here, the Court should view the Brown objection with skepticism.

### B. Brown Has No Standing to Object

Mr. Brown, an attorney, has failed to comply with the Notice Order or the requirements

for objecting explained in the Settlement Notice. He has not submitted any trading information to indicate his membership in the Class. *See* Notice Order ¶ 10 (ECF No. 193); Settlement Notice at 12 (ECF No. 191-1). The Settlement Notice clearly stated that an objection:

> must include (i) your name, address, and telephone number; (ii) a list of and documentation of your transactions involving Weatherford common stock during the Class Period, including brokerage confirmation receipts or other competent documentary evidence of such transactions stating the amount and date of each purchase, acquisition, or sale, the price paid and/or received, and whether the shares were purchased in the United States; . . . (vii) a list of other cases in which you or your counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (viii) your signature, even if represented by counsel. Unless otherwise ordered by the Court, any Class Member who does not object in the manner described herein will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and the Fee and Expense Application.

The Court's Notice Order required the same information cited above and ordered that:

> (11) Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Class Counsel for an award of attorneys' fees and litigation expenses. . . .

*See* ECF No. 193 ¶ 10-11. Contrary to these requirements, Mr. Brown's objection simply states, "[u]pon information and belief[4] Jeff M. Brown has received notice that he is a member of the class as defined in that certain Notice of Class Action Settlement and Plan of Allocation [sic] dated August 11, 2015. He intends to file a claim in this matter on or before the claim deadline." To date, no such claim has been filed, *see* Supplemental Mailing Aff. ¶ 9, and receipt of the

---

[4] Class Counsel cannot understand how this statement can be made upon "information and belief." Mr. Brown should personally know whether he received a Settlement Notice and should know from reviewing his investments and reading the Settlement Notice whether or not he is a Class Member.

notice does not confer membership in the Class. Class Counsel have served a subpoena *duces tecum* on Mr. Brown, pursuant to Fed. R. Civ. P. 45, requesting documentation of his membership and will advise the Court if it is received. *See* Ex. 8.

Of course – as was recognized in *Celestica* and *In re Sanofi-Aventis Sec. Litig.,* No. 07-CV-10279-GBD (S.D.N.Y.) – if Mr. Brown is not a Class Member, he has no standing and his objection should be overruled on that basis alone. *See* Exs. 6-7, 9 at 33-34; *see also Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 504 F.3d 229, 244 (2d Cir. 2007) (non-class member could not object to proposed settlement); *In re Am. Int'l Grp., Inc. Sec. Litig.,* 916 F. Supp. 2d 454, 459 (S.D.N.Y. 2013) (it is "uncontested that [non-class member] does not have standing under Rule 23 to object to the Settlement").

### C.  Brown's Grounds for Objecting to the Settlement Are Baseless

The Brown objection is a list of six purported issues, without citation to any authority whatsoever, notwithstanding that he is an attorney. Points 1, 2, and 4 are directed to certain administrative issues about the Settlement. He ***does not*** object to the substance of the Settlement itself or the proposed recovery. Point 1 states essentially that the claims process proposed by the Settlement is without "reliable oversight, accountability, and reporting." However, this is not true. The Court-appointed administrator is subject to the oversight of the Court and Class Counsel. The determination of all claims by the Claims Administrator will be the subject of a future distribution motion. The Court will be asked to approve all of the claim determinations, to resolve any claimant disputes, and to approve a future distribution. *See* Stipulation ¶¶ 21, 28.

Point 2 states that the previously approved "timeframes and deadlines," which are not specified, "benefit Defendants and Class Counsel, but not Class Members," but he does not explain how this is the case. He states that there is no timeframe for completing the administration. However, securities class action settlements generally do not specify a

6

timeframe for completing an administration for the simple reason that neither the Parties, the Court, nor the Claims Administrator are able to predict, for example, the number and nature of the claims that will be submitted, to what extent claims will be deficient, the time needed to resolve the deficiencies, and whether there will be disputes with claimants requiring resolution by the Court. The presence of these types of issues can, in some cases, significantly delay distribution of settlement proceeds, while in other cases the process is relatively simple and speedy. The one certainty is that there is no benefit to anyone from delay, but there is a significant detriment to claimants if the claim determinations are incorrect because of undue haste. Accordingly, each of the grounds for objecting to the Settlement should be rejected.

**D. Brown's Grounds for Objecting to the Attorneys' Fee Request Are Meritless**

Points 3-6 are directed to the fee request (but not the expense requests). None of them have any merit and each should be rejected. Point 3 states that no attorneys' fees are to be "withheld to assure Class Counsel's continuing oversight and involvement in implementing settlement." Class Counsel's continuing oversight and involvement, however, are required by their obligations as Class fiduciaries, as well as the Stipulation and Judgment. *See* Stipulation ¶¶ 20-31. When this Court appointed lead counsel at the inception of the case in 2012 it was fully familiar with the Labaton firm[5] and presumably was confident it would meet its ongoing obligations or it would not have made the appointment. Indeed, Class Counsel has a track record of overseeing the administration of such settlements, and there is no basis to suggest it will not do so here. Additionally, Class Counsel has received no payment for the substantial fees and expenses incurred over the past three years, and remain liable for the return of such funds in the event the Settlement in any way fails, pursuant to the terms of the Stipulation and the Orders of

---

[5] BFTA was appointed Co-Lead Counsel in September 2014. ECF No. 119.

this Court. As such, it is reasonable and fair for them to be paid upon approval by the Court.

Points 4 and 6 are the same, that the fee (approximately 23.3% of the Settlement consideration) is too high. However, Mr. Brown does not explain why that is the case, or offer any authority in support of his conclusory assertion. As set forth in detail in the memorandum of law in support of the fee and expense motion and the Joint Declaration of Ira A. Schochet and Javier Bleichmar in Support of Class Representatives' Motion for Approval of Proposed Class Action Settlement and Plan of Allocation and Class Counsel's Motion for Award of Attorneys' Fees and Payment of Litigation Expenses (ECF Nos. 198-202), the requested fee under the circumstances before this Court and in light of the excellent $120 million cash recovery is reasonable and fair.[6]

Lastly, Point 5 states that the fee request is unreasonable "in the absence of documentation, including billing records, which can be evaluated by Class Members and the Court." However, Class Counsel submitted three declarations detailing the fee request and analyzing counsel's focus on particular tasks during the litigation. *See* Joint Decl. ¶¶ 150-225, Exs. 6-7 thereto. Mr. Brown's unsupported assertion that more is required is inconsistent with well-established practice within this district. *See, e.g.*, *In re Pall Corp. Class Action Att'ys Fees Application.*, No. CV 07-3359, 2013 WL 1702227, at *4 (E.D.N.Y. Apr. 8, 2013) ("Neither existing case law nor, frankly, the conduct of objectors' counsel in this case suggests that

---

[6] Point 4 also contains an unrelated parenthetical that the claims process is "cumbersome" and "unreasonable." However, the claims process here is precisely the type that is uniformly applied in securities class actions. *See, e.g.*, Supp. Mailing Aff. ¶ 10. As Judge Cote explained in *WorldCom*:

> The information that claimants are required to submit is necessary in order for a fair distribution of the settlement proceeds. For example, merely holding securities is not actionable under federal securities law . . . . Lusk asserts that class members should not be required to document their trading losses and to sign the proof of claim form under penalty of perjury. Both of these provisions are important in helping to insure that the settlement fund is distributed to class members who deserve to recover from the fund.

*In re WorldCom, Inc. Sec. Litig.*, No. 02-3288, 2004 WL 2591402, at *12 (S.D.N.Y. Nov. 12, 2004).

objectors' counsel should be provided with the detailed time records of counsel for the class plaintiffs."); *Shapiro v. JP Morgan Chase & Co.*, Nos. 11 Civ. 8331, 11 Civ. 7961, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) (time need not be "exhaustively scrutinized").

## III. ISSUES RAISED BY THE COURT AT THE *BONY* SETTLEMENT HEARING

There were three issues raised by the Court at the recent *BONY* hearing that we wish to address within the context of the instant proceedings. First, Class Counsel seek to clarify a statement made in our opening brief in support of the fee request. There we said, "Class Counsel are aware that the Court has stated in the past that the risk of non-recovery in securities class actions is low because they practically always settle." ECF No. 201, at 14. In doing so, we may have misinterpreted the Court's decisions with respect to the risks of non-recovery in securities class actions. We now understand that the Court's reference to a low risk of non-recovery concerned cases where the motion to dismiss had been denied. Nevertheless, the vast majority of the analysis set forth in our opening papers is still squarely on point as it addresses the risks faced if this case did not settle, and, more significantly, the possibility of a sub-par settlement rather than the outstanding result achieved here. Indeed, because of the substantial efforts of Class Counsel, which have been outlined in our moving papers, the magnitude of the recovery was excellent, a result which is unfortunately not seen frequently.

Second, the Court asked counsel in *BONY* whether there was a presumption of reasonableness with respect to the fee request because counsel had cited *In re Cendant Corp. Sec. Litig.,* 264 F.3d 201 (3d Cir. 2001) for that proposition and reported that the lead plaintiff had entered into an *ex ante* fee agreement and supported the fee request. *See* Ex. 2 at 4-6. While we believe our papers nowhere suggest that there is such a presumption, we wanted to leave no doubt that we are not taking the position that the *ex ante* fee agreements and the support of the fee request by the Class Representatives create a presumption. They are additional facts, which

9

the Court may consider. Consistent with the Court's request in *BONY*, we are also submitting the retention agreements between the Class Representatives and Class Counsel. Exs. 10-11.

Third, in *BONY*, the Court requested that counsel provide a list of contributions to the State of Oregon Attorney General (whose office provided a declaration in support of the fee) and the Treasurer (whose office controls the fund which served as lead plaintiff). *See* Ex. 2 at 7. Class Counsel in the instant Action have not made any contributions to similarly situated public officials at Anchorage or SCERS, *i.e.*, officials whose office provided declarations in support or who control either pension fund. In the interest of full candor with the Court, four current or former Labaton Sucharow partners did make *de minimis* contributions totaling $1,750 to the Mayor of Sacramento in June 2012, which are a matter of public record. All contributions are listed in Exhibit 12 of the Reply Declaration. SCERS, however, is controlled by an independent board (The Administration, Investment, and Fiscal Management Board) and the board appointed the City Treasurer to manage the fund portfolio. It was the office of the City Treasurer that retained Labaton Sucharow. An employee of the City Treasurer's office (Chief Investment Officer John Colville) represented SCERS throughout the prosecution and Settlement of the Action. No political contributions were made to the Treasurer or Mr. Colville. Reply Decl. ¶ 13.

## **CONCLUSION**

For the reasons set forth herein and in Class Representatives' and Class Counsel's previous submissions, the Court is respectfully requested to approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and to approve the request for attorneys' fees and payment of expenses, including those incurred by the Class Representatives. Three proposed orders are being submitted herewith.

Dated: October 27, 2015                                             Respectfully submitted,

| | |
|---|---|
| **LABATON SUCHAROW LLP** | **BLEICHMAR FONTI TOUNTAS & AULD LLP** |
| */s/ Joel H. Bernstein* | |
| Lawrence A. Sucharow (LS-1726) | Javier Bleichmar (JB-0435) |
| Joel H. Bernstein (JB-0763) | Joseph A. Fonti (JF-3201) |
| Ira A. Schochet (IS-2187) | Wilson Meeks, III (WM-1066) |
| 140 Broadway | 7 Times Square |
| New York, New York 10005 | New York, New York 10036 |
| Telephone: 212-907-0700 | Telephone: 212-789-1340 |
| Facsimile: 212-818-0477 | Facsimile: 212-205-3960 |
| lsucharow@labaton.com | jbleichmar@bftalaw.com |
| jbernstein@labaton.com | jfonti@bftalaw.com |
| ischochet@labaton.com | wmeeks@bftalaw.com |
| *Class Counsel and Counsel for Court-Appointed Co-Lead Plaintiff and Class Representative Sacramento City Employees' Retirement System* | *Class Counsel and Counsel for Court-Appointed Co-Lead Plaintiff and Class Representative Anchorage Police & Fire Retirement System* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2015, I caused the foregoing reply memorandum of law to be served electronically on all ECF participants and by mail and email to:

> Jeff M. Brown
> Lavalle, Brown & Ronan P.A.
> 750 South Dixie Highway
> Boca Raton, FL  33432
> jbrown@lavallebrown.com
> efiling@lavallebrown.com

.

>                *s/ Joel H. Bernstein*
>                Joel H. Bernstein