UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENN FREEDMAN, individually and on behalf of all similarly situated, | : <br> : <br> :     Civil Action No. 12-CV-2121 (LAK) <br> : |
| Plaintiff, | : |
| v. | : |
| WEATHERFORD INTERNATIONAL, LTD., et al., | : |
| Defendants. | : |

## JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a class action is pending in this Court entitled *Freedman v. Weatherford International, Ltd., et al.*, Civil Action No. 12-CV-2121 (LAK) (the "Action");

WHEREAS, by Order entered September 29, 2014, the Court certified a Class of: all persons and entities that purchased or acquired Weatherford International Ltd. common stock in the United States between March 2, 2011 and July 24, 2012, inclusive (the "Class Period"), and who were damaged thereby (the "Class"). Excluded from the Class are: (a) Defendants; (b) members of the immediate family of any Defendant; (c) any person who was an officer or director of Weatherford during the Class Period; (d) any firm, trust, corporation, officer, or other entity in which any Defendant has or had a controlling interest; (e) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (f) the Company's employee retirement and benefit plan(s); and (g) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and by Order of the Court entered April 21, 2015, also

excluded from the Class is any person or entity that submits a timely and valid request for exclusion pursuant to the Class Notice approved by the Court on April 20, 2015 and that does not opt back into the Class. Also excluded from the Class shall be any person or entity that seeks exclusion by timely submitting a valid request for exclusion in connection with the Settlement Notice (defined below), which is accepted by the Court;

WHEREAS, pursuant to this Court's Order entered April 21, 2015, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (a) the Action pending against the Defendants; (b) the Court's certification of the Action as a class action on behalf of the Court-certified Class; (c) the effect of remaining in the Class on any person or entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

WHEREAS, Court-appointed Class Representatives Anchorage Police & Fire Retirement System ("Anchorage Police & Fire") and Sacramento City Employees' Retirement System ("SCERS," and, together with Anchorage Police & Fire, the "Class Representatives" or "Co-Lead Plaintiffs"), on behalf of themselves and the certified Class, and Weatherford International Ltd. ("Weatherford" or "the Company") (n/k/a Weatherford International plc) and Andrew P. Becnel and Bernard J. Duroc-Danner (collectively, the "Individual Defendants" and, together with Weatherford, the "Defendants") entered into a Stipulation and Agreement of Settlement, dated as of June 30, 2015 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions of their proposed settlement and the release of claims and

dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 24, 2015 (the "Notice Order"), this Court: (a) ordered that notice of the proposed Settlement be provided to potential Class Members, including that summary notice be published once in the national edition of *The Wall Street Journal* and be transmitted once over the *PR Newswire*; (b) provided Class Members with the opportunity to (i) opt-back into the Class if they previously submitted a request for exclusion from the Class in connection with the Class Notice; (ii) request exclusion from the Class in connection with the Settlement Notice; or (iii) object to the proposed Settlement; (c) approved the proposed forms of notice of the Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, Class Counsel have filed with the Court proof, by affidavit or declaration, of such mailing and publication of the Settlement Notice and Summary Settlement Notice of the proposed Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on November 3, 2015 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against all Defendants; and

WHEREAS, the Court has reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

3

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** - This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 2, 2015; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on September 29, 2015.

3. **Settlement Notice** - The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the Settlement (including the Releases provided for therein), (ii) Class Counsel's motion for an award of attorneys' fees and payment of litigation expenses, (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and payment of litigation expenses, (iv) their right to opt-back into the Class if they previously submitted a request for exclusion in connection with the Class Notice, (v) their right to request exclusion from the Class in connection with the Settlement Notice; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private

Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(7), and all other applicable laws and rules.

4.  **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the Releases provided for therein, including the release of the Released Claims as against the Defendants and the other Released Defendant Parties; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is in all respects fair, reasonable, and adequate. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.  [The Court has received one objection to the Settlement, which was submitted by Jeff M. Brown. The Court finds and concludes that Mr. Brown has not established that he is a Class Member with standing to bring the objection and it is overruled on that basis. The Court has also considered the issues raised in the objection and finds that, even if Mr. Brown were to have standing to object, the objection is without merit. The objection is therefore overruled in its entirety.]

6.  The Action and all of the claims against Defendants by Class Representatives and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.  **Binding Effect** - The terms of the Stipulation and of this Judgment shall be forever binding on and inure to the benefit of Defendants, Class Representatives, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim

Form or seeks or obtains a distribution from the Net Settlement Fund), and the Released Parties, as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns. Any Person listed on Exhibit 1 hereto has validly requested exclusion and shall not be bound by the terms of the Stipulation or this Judgment.

8. **Releases** - The Releases as set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraphs 9 and 10 below, upon the Effective Date of the Settlement, Class Representatives and each and every other Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any and all of the Released Defendant Parties. This Release shall not apply to any Person listed on Exhibit 1 hereto.

(b) Without further action by anyone, and subject to paragraphs 9 and 10 below, upon the Effective Date of the Settlement, the Defendants and each of their respective Released Defendant Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining

6

any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

9. Notwithstanding ¶¶ 6 and 7 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Rule 11 Findings** - The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

11. **No Admissions** – Except as set forth in Paragraph 12 below, neither this Judgment, the Stipulation (whether or not finally approved or consummated), nor their negotiation or any proceedings taken pursuant to them, shall be offered or received against the Parties or other Releasees for any purpose, and particularly:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of the Defendants;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants, or against Class Representatives or any other members of the Class as

evidence of any infirmity in the claims of Class Representatives or the other members of the Class;

    (c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Class Representatives, or any other members of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

    (d) do not constitute, and shall not be construed against the Defendants, Class Representatives, or any other members of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

    (e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession, or presumption against Class Representatives or any other members of the Class or any of them, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

  12. Notwithstanding the foregoing, the Parties and other Released Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (a) to effectuate the liability protections granted hereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment

8

bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to enforce any applicable insurance policies and any agreements relating thereto; or (c) to enforce the terms of the Stipulation and/or this Judgment.  The Parties and other Released Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

        13. **<u>Retention of Jurisdiction</u>** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or litigation expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Distribution Order; and (f) the Class Members for all matters relating to the Action.

        14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and payment of litigation expenses.  Such orders shall in no way affect or delay the finality of this Judgment, and shall not affect or delay the Effective Date of the Settlement.

        15. **<u>Modification of the Agreement of Settlement</u>** - Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and jointly adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Class Representatives and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination** - If the Effective Date does not occur, or the Settlement is terminated as provided in the Stipulation, then this Judgment (other than Paragraph 11) and any orders of the Court relating to the Settlement shall be vacated, rendered null and void, and be of no further force or effect, except as otherwise provided by the Stipulation.

17. **Entry of Final Judgment** - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2015.


_____
The Honorable Lewis A. Kaplan
United States District Judge

# EXHIBIT 1

## Persons Excluded from the Class Pursuant to Request

1. John M. Sherlock

2. Larry A. Freedman and Diane J. Sansone

3. Lewis Lawrence

4. Robert M. Noble

5. Cindy Speer

6. Phyllis L. Barr, Kevin Barr TTEE, U/W/O John R. Barr Jr.

7. Decedents Trust B of The Goah & Elinor Lynch Family Trust, U/A 8/8/02, Goah Lynch, Janet L. Farwell TTEE

8. Ellen M. Mauritz

9. Isabel M. Lecusay

10. Richard B. Loring

11. Marie A. Cordova TTEE Maria A. Cordova Trust

12. Maria A. Cordova